NO. 8185

COURT OF APPEAL

PARISH OF ORLEANS.

-----

ARMSTRONG DONALDSON

VS.

WIDOW BERTHA ROSAN.

----

------

Court of Appeal.
Parish of Orleans

FILED FEB 13/27

285

Dinkelspiel; J.

Plaintiff institutes this suit averring that defendant was indebted to him in the sum of $180.00, because of the fact that he was employed by her attorney, Mr. B. J. Daly, to sell her property on Gentilly Road, agreeing to pay him the sum of two per cent of the amount of the sale, and further plaintiff prays in the alternative, that in the event the Court should hold that Daly was not authorized to enter into an agreement with plaintiff, then in that case, avers that since July 1918, he had been endeavoring to effect the sale of the property for account of defendant, had made an appraisement thereof, with her authority, had inspected the premises, in her presence, and at her request and made a detailed valuation of the buildings, ground, barns, pecan trees on said property, with the knowledge and consent and under the employment of the defendant, and wherefore he prays for judgment.

There were several exceptions filed in this case prior to the answer; 1st, that plaintiff's claim consisted of two inconsistent demands, which exception being overruled there were exceptions subsequently filed, one of vagueness and one of no cause of action, which were also overruled; and then answer defendant denies that she is indebted to plaintiff in any amount, denies Daly, who was her attorney, was authorized to contract or employ plaintiff to sell her property, denies that she agreed to pay plaintiff two per cent of the amount of sale, denies specifically that she ever authorized Daly to make a contract for her and that if said Daly did make a contract for her, he exceeded his authority and made the contract without her knowledge or consent, denies that plaintiff sold her said property for the sum of $9000.00 or any other sum, denies specifically that there were any services rendered by plaintiff for her account and prays for judgment in her favor.

286

There were a number of witnesses examined for both of these parties; plaintiff/ asserting his claim, and without entering into any particular part of his testimony, gives an account of the interview with defendant, where Mr. Daly was present and where he was authorized to make and did make an inventory and description of the property of the defendant, with orders to present to the Dock Board, for the purpose of securing sale of the property in question.

According to his testimony he went several times to examine the building, to put a valuation on same, together with the ground and the crop; he fixed the price and submitted the offer to Mr. Tessier, who at that time, had charge of the property in question.

All of this more or less is denied by the defendant, who positively swears that she had no dealings with plaintiff of any kind or character, that she never saw him, she did not get his reports, that he made no endeavors to sell her property and that he had no authority whatever to do so.

The testimony of Mr. Daly, the attorney in this case, is in our opinion, the most important factor in reference to the employment of plaintiff and the knowledge that defendant had about same; and, amongst other portions of this witness's testimony he goes on to relate his employment with defendant, that a certain amount had been offered for the property which was not satisfactory and he brought down to the place, expert photographers to view the property; that plaintiff at that time was representing several parties and that he engaged him and went with him to defendant's place and that plaintiff made an inspection, returned his estimates in writing and that estimate was then in possession of the defendant; he positively swears that plaintiff and he visited the house together, that he

287

introduced plaintiff to the defendant and told her what they were there for, that measurements of the place, inspection of several buildings, describing them, and that he explained to the defendant the object of the visit, that he was introducing plaintiff as an expert for her benefit. At page twenty five of his testimony he reiterates that defendant was fully aware of what plaintiff was doing, adding, "make no mistake about that".

Q. That is your opinion?

A. Not my opinion, it is a fact.

It is evident from the conflicting testimony of witnesses in this case, for plaintiff and defendant, the one asserting emloyment and the value of services rendered and the other denying in toto that she ever met plaintiff, ever knew him, that he had ever visited her place, ever had any contract with her for the sale of this property, is in our opinion, contradicted, by Mr. Daly, her attorney, who was energetically progressing in an attempt to sell this property at the very best price possible, and failing to get the price demanded, he with the consent and knowledge of defendant, employed plaintiff to make reports as an expert, of this property, which were satisfactory; although denied by defendant a copy of the report so made by plaintiff was in her possession and that she did know of Mr. Daly's employment of plaintiff and knew further that plaintiff was acting for her in endeavoring to get a much larger price for the property in question. The original offer of the Dock Board, through Mr. Tessier, was $7500.00; this was subsequently increased to $9000.00, for which the property was sold.

Under the circumstances as stated and the evidence as given, the Judge of the Court aqua, who had all the witnesses before him, and who, having seen and heard these witnesses, had a better opportunity to judge of the value of the testimony adduced, than we have, and

after hearing these parties, he decided that plaintiff was entitled to the amount claimed or the sum of $180.00, for sefvices rendered.

It has been frequently held that under circumstances such as appears in this record, that this Court will not disturb the judgment of the Court aqua, unless manifestly erroneous, on questions of fact.

Frank vs. Mateu, 13 Court of Appeal, 473.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the Court aqua be and the same is hereby affirmed, with costs of both Courts to be paid by tkad the defendant.

-Judgment affirmed.